**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANTONIO APONTE OCHOA (A No. 241-326-411),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-04829-JLT-EPG<br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Doc. 1.) |

Jose Antonio Aponte Ochoais a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Venezuela. He entered the United States without inspection on or about on or about July 10, 2023, and presented himself to U.S. Customs and Border Protection for processing and to apply for asylum. (Doc. 1 at 8; Doc. 8-1 at 2.) Petitioner was initially processed for expedited removal under 8 U.S.C. § 1225(b)(1), but following a credible fear interview conducted pursuant to 8 C.F.R. § 208.30, Petitioner was found to have a credible fear of

persecution. (*Id.*) The § 1225(b)(1) order was vacated, and DHS elected to place Petitioner in full removal proceedings under 8 U.S.C. § 1229a. (*Id.*) On August 5, 2023, DHS issued Petitioner a Notice to Appear, served on August 9, 2023, charging him with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and § 1182(a)(6)(A)(i), and ordering him to appear before the Salt Lake City Immigration Court. (*Id.*; *see also* Doc. 1-2, Exh. B.) On or about August 8, 2023, DHS granted Petitioner humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5) and released him into the interior of the United States. (*Id.*; *see also* Doc. 1-3, Exh. C.)

On April 21, 2026, Petitioner was arrested by local law enforcement following allegations arising from an argument with his wife earlier in the day. (Doc. 1 at 9; Doc. 8-1 at 3.) He was charged with stalking, assault, and domestic violence in the presence of a child. (*See* Doc. 8-4, FBI Rap Sheet.) Upon his release from Salt Lake County Jail, Petitioner was transferred into ICE custody. (Doc. 1 at 9.) On April 22, 2026, the Salt Lake County District Attorney's Office declined to prosecute Petitioner with stalking. (*See* Doc. 1-4, Exhibit D.) Petitioner remains in custody at the California City Detention Facility in California City, California.

On June 23, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* generally, Doc. 1.) On July 7, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally*, Doc. 8.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

///

## III. DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (*See generally,* Doc. 1.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225 of the INA and therefore categorically ineligible for a bond hearing. (*See generally,* Doc. 8.)

Courts nationwide, including this one, have rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**;

2. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so

great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. Respondents **SHALL** provide a copy of this order to the immigration judge handling the bond hearing. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.

5. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing;

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: July 24, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE